# IN THE COURT OF APPEALS OF IOWA

No. 20-1451
Filed January 21, 2021

**IN THE INTEREST OF X.C.,**
**Minor Child,**

**C.S., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District
Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for
appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Mike Sorci of Youth Law Center, Des Moines, attorney and guardian ad
litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights to X.C., born in May 2017.[1]  Because termination of the mother's parental rights is in the child's best interests and no permissive factor weighs against termination, we affirm.

The mother has long struggled with alcohol abuse, mental-health issues, and homelessness.  She has four older children, none of whom are in her care.[2]  On December 5, 2019, X.C. was removed from the mother's custody and placed in the custody of the department of human services (DHS) for purposes of foster care placement.  The mother could not explain where the child had been or who had been caring for the child the previous two months.

The child was adjudicated a child in need of assistance on February 13, 2020.[3]  The child's foster-care placement was not a long-term option and the mother interfered with DHS's ability to communicate with relatives for possible placement.

Over the next several months, DHS offered the family services.  The mother had several substance-abuse evaluations and a mental-health evaluation.  The mother disputed the findings and recommendations of the evaluations.  She reported she was going to be entering various treatment programs but had not participated in sustained treatment.  The mother did not recognize or meaningfully address her underlying mental-health issues.

---

[1] The father's rights were also terminated.  He has not appealed.
[2] The mother's parental rights to two of her children were terminated in March 2002 and to two other children in September 2006.
[3] We affirmed adjudication and the subsequent dispositional order on appeal.  *See generally In re X.C.*, No. 20-0470, 2020 WL 2065968 (Iowa Ct. App. Apr. 29, 2020).

The mother did not provide a requested drug screen in May. A review hearing was held on June 11 and the mother requested referrals for housing assistance, substance-abuse treatment, and transportation assistance. These services were ordered. A permanency hearing was scheduled for September 18.

A family team meeting was held June 22 at which the mother reported she intended to go to inpatient substance-abuse treatment and she was still homeless. On June 23, the mother's urine screen tested positive for methamphetamine, amphetamines, and marijuana.

On July 10, the mother was accepted into an inpatient substance-abuse program. However, she was asked to leave on July 19 because she was disruptive and not following expectations. A re-entry meeting for the mother was set for July 20. She did not attend. The meeting was rescheduled for July 21 and, when the mother arrived, she smelled like alcoholic beverages and tested positive for methamphetamine and amphetamines. She was not allowed back into the program.

A petition to terminate parental rights was filed on August 7. DHS asked the mother to complete drug screens on August 10 and September 8—she did not. On August 12, DHS filed a motion for authority to contact relatives because the child's foster family had given notice. The court granted the motion and DHS contacted two relatives as possible placements for the child.[4]

---

[4] The mother appealed the court's order authorizing DHS to contact relatives, and we affirmed the order. *See generally In re X.C.*, No. 20-1106, 2020 WL 6157843 (Iowa Ct. App. Oct. 21, 2020).

On the day the permanency hearing was scheduled—September 18—the mother requested a new lawyer be appointed to represent her. The court denied the motion but continued the permanency and termination hearing until September 23 and 24. The mother agreed to the child's placement with a relative at that hearing.

At the termination hearing, the mother testified she had obtained subsidized housing on September 22 and the program would allow her to maintain her unit for a period of time while she attended inpatient substance-abuse treatment. The mother testified the child could be returned to her immediately but also requested an additional six months to achieve reunification.

On October 27, the juvenile court ordered the mother's rights terminated pursuant to Iowa Code section 232.116(1)(g) and (h) (2020).

The mother appeals. She does not contest the grounds for termination have been met. However, she does contend termination of her parental rights is not in the child's best interests and termination is not required because the child is placed with a relative and there is a bond between mother and child.

On our de novo review, *see In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016), the grounds for termination of parental rights are supported by clear and convincing evidence. We find no need to repeat the factual history. We adopt the juvenile court's detailed findings and agree with its conclusions. While it is clear the mother loves her child, she has been unwilling or unable to put her child's needs before her own. As noted by the juvenile court, the child

> is three years old. She was living in a chaotic and unsafe environment when she was removed. [The child] does show a bond with her mother and is upset when their visits end; however she

doesn't have any sense of a stranger and identifies many different people as her mom or dad immediately after meeting with them. [The child] recently changed placements and was placed with a relative. The delay in relative placement was a direct result of [the mother's] refusal to provide relative information and facilitate identifying a relative placement. This action by [the mother] did not show that [she] prioritizes [the child's] needs before her own.

[The child] is healthy and on track developmentally.

[The child] should not wait any longer to learn where she is going to grow up and who is going to be permanently responsible for her. She deserves to have finality.

After considering the child's safety, the best placement for furthering the long-term nurturing and growth of the child, and the child's physical, mental, and emotional condition and needs, termination of the mother's parental rights is in the child's best interests. *See* Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted).

The mother asserts the court should have declined to terminate because the child is placed with a relative and termination would be detrimental to the child due to the close mother-child relationship. *See* Iowa Code § 232.116(3)(a), (c) (providing permissive factors that may weigh against termination, including a "relative has legal custody of the child" and "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").

Iowa Code section 232.116(3) provides that "[t]he court need not terminate the relationship between the parent and child" under certain circumstances.

A finding under subsection 3 allows the court not to terminate. "The factors weighing against termination in section 232.116(3) are permissive, not mandatory," and the court may use its discretion,

> "based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."

*A.M.*, 843 N.W.2d at 113 (citations omitted).

Paragraph (a) allows the juvenile court to avoid terminating a parent's rights if the child is in a relative's legal custody. We do not believe the fact that the child has been placed with a relative weighs against termination here. This child needs permanency, not prolonged uncertainty. And, while paragraph (c) allows the juvenile court to not terminate when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship," we are not persuaded this is such a case. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**